# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>AC I LEDGEWOOD LLC,<br><br>　　　　　　　　Defendant. | Civil Case No. 12-1166 (FSH)<br><br>**OPINION and ORDER**<br><br>Date: August 26, 2013 |

## HOCHBERG, District Judge

This matter having come before the Court upon Plaintiffs Denise Payne's and National Alliance for Accessibility's ("Plaintiffs") Motion to Reopen Case and Enforce Settlement Agreement, and the Court having considered the arguments of the parties on the papers pursuant to Federal Rule of Civil Procedure 78; and

it appearing that Plaintiffs seeks to reopen this case based upon the terms of the settlement agreement entered into by Plaintiffs and AC I Legdewood, LLC. See Plaintiff's Motion to Reopen Case ("Mot.") at 3; and

it appearing that a court does not retain jurisdiction over the terms of a settlement agreement unless the court's order dismissing the case either specifically states that the court retains such jurisdiction or incorporates the terms of the settlement agreement by reference. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 382 (1994) ("Absent such action [retaining jurisdiction over the terms of the settlement agreement], however, enforcement of the

settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."); Shaffer v. GTE North, Inc., 284 F.3d 500, 504 (3d Cir. 2002) ("[W]e hold today that language in a dismissal order providing for the reinstatement of an action if a settlement agreement is not consummated does not satisfy the first Kokkonen precondition for the enforcement of the settlement agreement itself."); In re Phar-Mor, Inc. Secs. Litig., 172 F.3d 270, 274 (3d Cir. 1999) (The "court lacks jurisdiction to enforce [a] settlement agreement unless the obligation of the parties to comply with the settlement agreement is made part of the dismissal order or there is an independent basis for exercising jurisdiction."); and

it appearing that the Court only retained jurisdiction over the settlement agreement for 60 days [Dkt. No. 28];

it appearing, therefore, that the Court lacks jurisdiction to enforce the terms of the settlement agreements entered into by the parties and that relief for any alleged breach of those agreements may only be sought as a contract action in state court;

**ACCORDINGLY IT IS** on this 26th day of August, 2013

**ORDERED** that Plaintiff's Motion to Reopen the Case is **DENIED**; and it is further

**ORDERED** that this case shall remain closed.

/s/ Faith S. Hochberg
HON. FAITH S. HOCHBERG, U.S.D.J.